

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 3, 1939

Mr. L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-238
Re: Can the budget for any particular
county fund be amended in an amount
exceeding the anticipated revenues
in such fund in case of public
necessity or unforeseen conditions?

We are in receipt of your letter of February
17th in which you state that necessity exists in your
county of finding employment for numbers of people, or
of allowing them to go on direct relief. You further
state:

"If this employment is furnished, it
will be necessary to amend the budgets set
up in some of our commissioners' precincts.

"Based upon this, I wish to be advised
on the following question:

"Can the Budget set up in any particular
fund be amended in an amount exceeding the
anticipated revenues in such fund, even though
it is apparent that it would be a case of pub-
lic necessity and unforeseen conditions?"

We respectfully refer you to the provisions of
the Uniform Budget Law (Acts 1931, 42nd Leg., p. 359,
ch. 206; Art. 689a, Vernon's Ann. R. C. S.) Section 12
of the act (Art. 689a-11, Vernon's) reads in part as
follows:

"When the budget has been finally ap-

proved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendment to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

Section 20a of said Budget Act (Vernon's, Art. 689a-20) reads as follows:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in the budgets for school purposes; and the duties required by virtue of this Act of State, County, City and School Officers or Representatives shall be performed for the compensation now provided by law to be paid said Officers, respectively."

From the tenor of your letter, we are impelled to note the provisions of Section 7 of Article 11 of the State Constitution, reading in part as follows:

"But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating the same, for levying and collecting

a sufficient tax to pay the interest thereon
and provide at least two per cent (2%) as a
sinking fund."

The word "debt" as used in the Constitution
has been defined by the SuprememCourt as meaning:

"Any pecuniary obligation imposed by con-
tract, except such as were, at the date of the
contract, within the lawful and reasonable con-
templation of the parties, to be satisfied out
of the current revenues for the year, or out
of some fund then within the immediate control
of the corporation." McNeal v. City of Waco,
89 Tex. 83, 33 SW 322; Brazeale v. Strength,
196 SW 247; Stevenson v. Blake, 88 SW (2nd)
773, 113 SW (2nd) 525.

While the Legislature, in enacting the Uniform
Budget Law, supra, had in mind that emergencies and contin-
gencies might arise which would necessitate the amendment
of the budget, we do not believe the amendment could legally
permit expenditures for any purpose in an amount exceeding
the anticipated revenues of any constitutional county fund,
unless provision be made for paying same by tax. To hold
otherwise would be to render inoperative the plain letter
of the Constitution.

→ A distinction has been made in construing the
constitutional provision between expenditures for "ordin-
ary expenses" and obligations to be met in the future;
but even expenditures for such "ordinary expenses" must
notreeach the point where a debt would be created to be
paid at some future time from revenues to be then col-
lected. We quote from the opinion of Chief Justice Will-
son of the Texarkana Court of Civil Appeals (Brazeale vs.
Strength, 196 SW 247) as follows:

"Where the requirements of the statute
have been complied with, it seems to us it
easily could be determined at any time whether
the sum of claims representing ordinary ex-
penses of the county amounted to as much as
it reasonably could be expented the current

revenues of the county would amount to. When it was found they did, it seems to us it might have well been said that such ordinary expenses of the county as were thereafterwards incurred were within the prohibition of section 7 of article 11 of the Constitution."

It will be noted that the above-quoted definition of "debt", as well as the statement of the Texarkana Court, appeared in opinions prior to the enactment of the Budget Statute. We cannot interpret the "emergency clause" of that statute to contravene the constitutional mandate.

It should be borne in mind that the law is well settled that constitutional funds of the county cannot be transferred from one fund to another, nor may tax money raised ostensibly for one purpose, be expended for another. See Carroll vs. Williams, 109 Tex. 155, 202 SW 504. On the other hand, statutory funds may be transferred (Art. 1650, R. C. S.) The apparent purpose of Section 20a of the Budget Law above-quoted is to evidence the intention of the Legislature not to ~~abridge~~ the rights of a Commissioners' Court in transferring statutory funds from one fund to another.

You are, therefore, advised it is our opinion the county budget cannot be amended in an amount exceeding the anticipated revenues in any particular fund so as to create a debt within the meaning of section 7, Art. 11 of the Constitution, unless a tax be voted to pay said debt; and this is true regardless of the existence of public necessity and unforeseen conditions. We do hold the budget may be amended by the Commissioners' Court in accordance with the provisions of Section 12 (Vernon's, Art. 689a-11) of the Uniform Budget Act, if a debt as above defined is not created, upon a finding by the Court, supported by the facts, that an emergency exists in accord with the provision of said section.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_
Benjamin Woodall
Assistant

BW:AW

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS